**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| STEVE BODNAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:07-cv-960-DFH-JMS |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Violation of a protective order is a violation of IND. CODE § 5-46-1-15.1 and constitutes an invasion of privacy, a Class A misdemeanor. *Id.* A protective order issued by a state court on December 17, 2003, prohibited Steve Bodnar ("Bodnar") from "harassing, annoying, telephoning, contacting, or directly or indirectly communicating" with Ms. Deena L. Schroeter for a two-year period ending December 31, 2005. While confined at the Miami Correctional Facility, an Indiana prison, Bodnar was charged in a proceeding identified as No. MCF 05-03-0591 with attempting to violate the protective order just described, and thereby attempting to violate any state criminal law. He was found guilty after a hearing on this charge. He was disciplined, his administrative appeal was rejected, and this action for habeas corpus relief followed.

Bodnar is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The Due Process Clause of the Fourteenth Amendment imposes four requirements on prison disciplinary committees: (1) prison officials must give the prisoner advance written notice of the charges against him; (2) the disciplinary hearing officer must give the prisoner the opportunity to present witnesses and evidence in his defense; (3) the fact-finders must give the prisoner a written statement of the evidence upon which they relied and the reasons for their decision; and (4) the decision maker must be sufficiently impartial. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974)). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

The procedural protections required by *Wolff* were provided in No. MCF 05-03-0591. Bodnar's sole challenge here is to the sufficiency of the evidence.

As established in *Hill*, the constitutional standard for sufficient evidence in a proceeding such as Bodnar challenges here is that the conduct board's decision be supported by "some evidence." This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In this case, the evidence favorable to the conduct board's decision is that on March 29, 2005, Bodnar's prison cell at the Miami Correctional Facility was searched. This search revealed the presence of papers which showed that Bodnar had made recent efforts to learn Ms. Schroeter's address and that he had recently sent a letter to her, all in violation of the protective order which had been issued on December 17, 2003. The letter was in Bodnar's possession because it had been returned to the sender undelivered with the notation, "Attempted not known." The efforts to learn of Ms. Schroeter's address consisted of letters to a municipal postmaster and to a third party seeking that specific information. These actions had been taken by Bodnar at a time when he had been enjoined from "harassing, annoying, telephoning, contacting, or directly or indirectly communicating" with Ms. Schroeter, and these actions constitute "some evidence" that he attempted to violate that court order and thereby violate IND. CODE § 5-46-1-15.1,4. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bodnar to the relief he seeks. His argument that he was denied the evidentiary protections afforded by *Hill* is refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 1/8/2008